# BREDHOFF & KAISER, P.L.L.C.

*Attorneys & Counselors*

805 Fifteenth Street NW – Suite 1000
Washington, D.C. 20005
(202) 842-2600 TEL
(202) 842-1888 FAX
www.bredhoff.com

Bruce R. Lerner
Andrew D. Roth
Anne Ronnel Mayerson
Leon Dayan
Robert Alexander
Matthew Clash-Drexler
Abigail V. Carter
Kathleen Keller
Joshua B. Shiffrin
Jenifer A. Cromwell
Ramya Ravindran
Jacob Karabell
Caitlin Kekacs
Adam Bellotti
Joshua A. Segal
Elisabeth Oppenheimer

Ernest Zhu
Faaris (Fares) Akremi
Cole D. Hanzlicek
Kara A. Naseef
Ian J. Postman
Derrick C. Rice
Brooke E. Priestas
Grace Rybak
Lane M. Shadgett
———————
Roger Pollak
Richard F. Griffin, Jr.
Linda A. Elliott
Deedee Fitzpatrick
Tzvi Mackson
*Of Counsel*
———————
Benjamin I. Love
*Staff Counsel*
———————
Robert M. Weinberg
Julia Penny Clark
Jeremiah A. Collins
Mady Gilson
John M. West
*Senior Counsel*

Elliot Bredhoff
(1921 – 2004)
Henry Kaiser
(1911 - 1989)

April 22, 2024

**VIA ECF**
Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Cohen v. Action Squared et al.,* No. 23-CV-10359 (JPC) (GWG)

Dear Judge Gorenstein:

On April 18, 2024, Plaintiff Josh Cohen filed a Motion for Leave to Amend His First Amended Complaint ("FAC"). ECF No. 15. Mr. Cohen did not first file a letter requesting a pre-motion conference as required by this Court's individual practices. *See* Individual Practices of Magistrate Judge Gabriel W. Gorenstein (June 17, 2021), at ¶ 2.A. Nonetheless, recognizing that Plaintiff is *pro se*, Defendant Action Squared (the only defendant Mr. Cohen has thus far attempted to serve) will construe Mr. Cohen's motion as a pre-motion letter and respond to it as such.

   *1. Case Background*

The original complaint in this matter was filed on November 23, 2023. Action Squared was served with the summons and complaint on March 20, 2024, and then served with the 400-page FAC on April 5. Its current deadline to respond to the FAC is June 18. Although Action Squared is still analyzing the allegations of the FAC, Action Squared expects that it will in due

April 22, 2024
Page 2

course request a pre-motion conference regarding an anticipated motion to dismiss the FAC on grounds including but not limited to failure to state a claim upon which relief can be granted.

    2. *Mr. Cohen's Motion for Leave to Amend His FAC*

As a general matter, leave to amend a complaint should be "freely give[n] ... when justice so requires." Fed. R. Civ. P. 15(a)(2). That general rule, however, has its limits. For instance, "leave need not be granted in cases of 'futility of amendment.'" *Meyer v. Seidel*, 89 F.4th 117, 140 (2d Cir. 2023) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies" in the complaint, "or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *In re Trib. Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2021) (quoting *Empire Merchs., LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018)).

Here, Mr. Cohen appears to seek leave to file a Second Amended Complaint ("SAC") so that he can (1) add an unspecified number of defendants to his existing civil RICO claim, and (2) add a new claim—again, against unspecified defendants—under the Sherman Antitrust Act. *Id.* ¶ 4. Mr. Cohen does not request leave to make any new factual allegations. Rather, he emphasizes that his new claims "arise from" the same facts and claims that are described in the FAC. *Id.* ¶¶ 4, 10. Mr. Cohen did not submit a proposed SAC with his Motion for Leave to Amend.[1]

Action Squared expects to oppose Mr. Cohen's Motion for Leave to Amend on grounds of futility. First, with respect to Mr. Cohen's proposed amendments to his RICO claim, Action Squared anticipates arguing that Mr. Cohen's RICO claim must be dismissed for both procedural and substantive reasons. Considering that Mr. Cohen has committed to relying on the facts already alleged in the FAC, if his claim falters on basic grounds like timeliness and/or failure to plead the required elements of a RICO claim, bringing additional parties into the case would not change that outcome. *See Fantozzi v. City of New York*, 343 F.R.D. 19, 33 (S.D.N.Y. 2022) (statute of limitations); *Corley v. Vance*, 365 F. Supp. 3d 407, 463 (S.D.N.Y. 2019) (failure to state a claim).

Second, Mr. Cohen's proposed claim under the Sherman Act is futile because—even assuming that some combination of individuals in what Mr. Cohen describes as the "political microtargeting systems market"[2] engaged in conduct that "created barriers to entry for competitors, increased switching costs for customers, and made it more difficult for primary challengers and disfavored candidates for election to compete fairly in primary elections," ECF

---

[1] If the Court permits Mr. Cohen to file a formal Motion for Leave to Amend His FAC, Action Squared requests that Mr. Cohen also be ordered to file with his motion (1) a clean copy of the proposed Second Amended Complaint ("SAC"), and (2) a red-line version that shows the differences between the FAC and the proposed SAC.

[2] Action Squared does not concede the existence of any such market.

April 22, 2024
Page 3

No. 15, at ¶ 4.b—Mr. Cohen lacks antitrust standing to bring such a claim as an individual plaintiff. *See, e.g., Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C.*, 711 F.3d 68, 76 (2d Cir. 2013).

    3.    *Action Squared's Request for Deferral of Briefing Schedule on Mr. Cohen's Motion for Leave to Amend*

Action Squared will develop the above arguments more fully in due course, but it is apparent that there will be significant factual and legal overlap between Action Squared's anticipated Motion to Dismiss the FAC and its Opposition to Mr. Cohen's Motion for Leave to Amend.

To avoid redundant briefing and allow the other defendants named in the FAC the opportunity to weigh in, Action Squared respectfully requests the Court defer setting a briefing schedule on Mr. Cohen's Motion for Leave to Amend at this time. Instead, when Action Squared files its pre-motion letter regarding its anticipated motion to dismiss, Action Squared will confer with all parties who have appeared as of that time and propose an appropriate briefing schedule on both the anticipated motion to dismiss and Mr. Cohen's Motion for Leave to Amend that will allow both motions to be briefed together. Action Squared is available for a telephonic pre-motion conference if the Court deems it necessary, to be scheduled at the Court's convenience.

    Respectfully submitted,

    */s/ Caitlin Kekacs*
    Caitlin Kekacs

    *Counsel for Action Squared*

cc:  Plaintiff (via ECF)