UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

JOSH COHEN,                                        :

                         Plaintiff,               :          ORDER TO SHOW CAUSE

                  -against-                        :
                                                             23 Civ. 10359 (JPC) (GWG)
ACTION SQUARED et al.,                             :

                         Defendants.               :
-----------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

　　Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a
claim for relief must contain . . . a short and plain statement of the claim showing that the pleader
is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d
Cir. 1988) (under Rule 8(a)(2), the statement of a claim "should be short because unnecessary
prolixity in a pleading places an unjustified burden on the court and the party who must respond
to it because they are forced to select the relevant material from a mass of verbiage") (citation,
internal quotation marks and alterations omitted); Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir.
1972) (complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of
unrelated and vituperative charges that defied comprehension"); see also Annuity, Welfare &
Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Loc.
15, 15A, 15C & 15D, AFL-CIO v. Tightseal Constr. Inc., 2018 WL 3910827, at *12 (S.D.N.Y.
Aug. 14, 2018) ("[C]ourts in this Circuit have dismissed complaints that are unnecessarily long-
winded, unclear, or conclusory.").   "[W]hen a complaint does not comply with the requirement
that it be short and plain, the court has the power . . . to strike any portions that are redundant or
immaterial, or to dismiss the complaint."   Salahuddin, 861 F.2d at 42 (internal citation omitted);
accord Riles v. Semple, 763 F. App'x 32, 34 (2d Cir. 2019).

　　Plaintiff's amended complaint is 219 pages (402 pages including exhibits) and contains
1900 numbered paragraphs of allegations.   See Amended Complaint, filed Apr. 5, 2024 (Docket
# 10).   Plaintiff's proposed second amended complaint is 295 pages (482 pages including
exhibits) and contains 2,530 numbered paragraphs of allegations.   See Second Amended
Complaint, annexed as Ex. 1 to Docket # 21 (Docket # 21-1).

　　The length is vastly beyond the norm for a pleading containing claims of the kind
plaintiff is seeking to make.   Indeed, much shorter complaints have been found to not comply
with Rule 8(a)(2).   See, e.g., Kalderon v. Finkelstein, 495 F. App'x 103, 105 (2d Cir. 2012)
("Kalderon's rambling, 126–page complaint . . . was neither short nor plain, and contained
factual allegations that were often repetitive, inconsistent, and contradicted by documents

referenced within it. . . .   [T]he District Court would have acted well within its discretion in dismissing the complaint (with leave to replead) for failure to comply with Rule 8(a)(2) . . . ."); Blakely v. Wells, 209 F. App'x 18, 20 (2d Cir.2006) ("The District Court acted within the bounds of permissible discretion in dismissing the second amended complaint for noncompliance with Rule 8(a).   The pleading, which spanned 57 pages and contained 597 numbered paragraphs, was far from short or plain."); Salahuddin, 861 F.2d at 43 ("Salahuddin's complaint fails to comply with Rule 8's 'short and plain statement' requirement.   It spans 15 single-spaced pages and contains explicit descriptions of 20–odd defendants, their official positions, and their roles in the alleged denials of Salahuddin's rights; it contains a surfeit of detail.").

Apart from its extraordinary length, both the amended complaint and the proposed second amended complaint are replete with vast amounts of extraneous matter, including background on plaintiff's work history; dozens of links to external sources; numerous pages of computer code; extensive excerpts from various news articles, emails, and other communications; detailed descriptions and illustrations of various computer programs' operating mechanics (that are not clearly related to the underlying legal claims); and references to a multitude of programs and/or entities that do not appear to be the subject of the action. Plaintiff's inclusion of voluminous emails, text messages, and instant messenger chats, are particularly unnecessary as they do nothing to indicate what allegation relevant to plaintiff's claims are being made.   The Court stresses that the rules of pleading do not require the submission of any evidence with a complaint.   Instead, all that must be provided are allegations that clearly show the pleader is entitled to relief.

Accordingly, plaintiff is ORDERED TO SHOW CAUSE why the amended complaint should not be dismissed and leave to file the proposed second amended complaint (Docket # 21-1) should not be denied for failure by both pleadings to comply with Fed. R. Civ. P. 8(a).

In light of the early stage of this case, instead of requiring the response to this Order to Show Cause, the Court will give the plaintiff the opportunity to file a second amended complaint that complies with Fed. R. Civ. P. 8(a).   While the Court is aware that defendants are prepared to make arguments regarding the futility of any proposed amended complaint, see Letter, filed June 24, 2024 (Docket # 22), at 2, the Court believes it would be more efficient to make such arguments as part of a motion to dismiss after the second amended complaint is filed. Furthermore, it may be beneficial to have any proposed new defendants appear now (and appear in a single case as opposed to a separately filed case) so that all the defendants may coordinate as to the briefing of any common arguments.

Plaintiff shall file either his response to this Order to Show Cause or the second amended complaint on or before July 23, 2024.

SO ORDERED.

Dated: New York, New York
       July 2, 2024

GABRIEL W. GORENSTEIN
United States Magistrate Judge