# BREDHOFF & KAISER, P.L.L.C.
*Attorneys & Counselors*

805 Fifteenth St. NW, Suite 1000
Washington, D.C. 20005
Caitlin D. Kekacs
(202) 842-2600 TEL
(202) 842-1888 FAX

November 22, 2024

<u>Via ECF</u>
The Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: *Cohen v. Action Network, et al.*, No. 23-cv-10359-JPC-GWG
      <u>Letter Requesting Pre-Motion Conference</u>

Dear Judge Gorenstein:

Pursuant to Section 2.A of Your Honor's Individual Practices, Action Network, Action Squared, MoveOn.org, and the American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO") (collectively, "Defendants") respectfully request that the Court schedule a telephonic pre-motion conference regarding their planned joint motion to dismiss Mr. Cohen's Second Amended Complaint (SAC) (ECF No. 29) under Federal Rule of Civil Procedure 12(b)(6), which will urge the Court to dismiss all claims against them.[1] Defendants propose a standard briefing schedule, with their motion due 14 days after the Court grants permission to file.

Although Mr. Cohen's new complaint remains difficult to follow, it appears that his claims are centered on the "OSDI specification"—a jointly negotiated standard for how organizations should design the APIs[2] in their software to facilitate more efficient data-sharing. Briefly, the OSDI specification consists of two parts: a list of standardized inputs and outputs that should be recognized by an OSDI-compliant API, and a publicly available website to provide developers with instructions to "implement" the specification. The OSDI specification was developed in the mid-2010's by a loose-knit team of volunteers from various progressive organizations. The claims in this case stem from Mr. Cohen's estrangement from the OSDI initiative, in part due to his decision to file a defamation lawsuit against another member of the progressive community that made him a pariah in that community. As is relevant here, Mr. Cohen makes the following allegations against all Defendants: (1) that they violated 18 U.S.C. § 1962(a) when they invested the proceeds of their purported "racketeering activity" into various enterprises; (2) that they conspired to commit extortion; and (3) that they violated the Sherman Antitrust Act. In addition, Mr. Cohen alleges (4) that Action Squared and Action Network violated his personal copyright

---

[1] Pursuant to the Court's order of September 4, 2024 (ECF No. 30), these Defendants have coordinated with all other defendants regarding the possibility of common briefing as to certain issues. These Defendants understand that co-defendants Democratic National Committee, Civitech, Netroots Nation, and Nathan Woodhull intend to join the arguments in this letter and will file short supplemental letters of their own.

[2] An application programming interface ("API") is the part of the computer program that allows the software to communicate with other software or computer components.

when those entities developed their own OSDI-compliant software; and (5) that MoveOn.org fraudulently induced him to contribute his labor to OSDI and to agree to an open-source copyright license covering his contributions.

Defendants expect to present the following primary arguments for dismissal:

**1. RICO Claims.** In Counts 2 and 4, Mr. Cohen claims that different configurations of Defendants violated 18 U.S.C. § 1962(a). Those claims fail for the primary reason that Mr. Cohen lacks standing. To establish standing under § 1962(a), Mr. Cohen "must plausibly allege: (1) that the defendants used or invested racketeering income to acquire or maintain an interest in the alleged enterprise; and (2) that the plaintiff suffered an injury as a result of that investment." *Espire Ads LLC v. TAPP Influencers Corp.*, 655 F. Supp. 3d 223, 255 (S.D.N.Y. 2023) (citing *Ouaknine v. MacFarlane*, 897 F.2d 75, 83 (2d Cir. 1990)). Mr. Cohen's complaint accomplishes no such thing. Mr. Cohen does not allege that he ever owned OSDI, so the failure of OSDI to achieve Mr. Cohen's so-called external network effect cannot constitute an "*actual*, quantifiable injury" to Mr. Cohen's "business or property." *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 227 (2d Cir. 2008). Nor does Mr. Cohen identify any actual loss that is traceable to the "investment" of any racketeering proceeds (the identity and nature of which are entirely unclear from the SAC) in Action Squared or Civitech. Finally, in addition to his problems establishing standing, Mr. Cohen fails to plausibly allege a single act of "racketeering activity," let alone a pattern as required by § 1962(a).

**2. Conspiracy to Commit Extortion.** Count 6 fails because the Hobbs Act, 18 U.S.C. § 1951, is a criminal statute that does not provide for a private right of action. *John's Insulation, Inc. v. Siska Const. Co.*, 774 F. Supp. 156, 163-64 (S.D.N.Y. 1991). Nor is there a standalone private right of action for "conspiracy" under Title 18 of the U.S. Code. *See, e.g.*, *Vasile v. Dean Witter Reynolds, Inc.*, 20 F. Supp. 2d 465, 478 (E.D.N.Y. 1998).

**3. Antitrust Claim.** Count 7 should be dismissed because Mr. Cohen lacks antitrust standing. *See Gatt Commc'ns, Inc. v. PMC Assocs., LLC*, 711 F.3d 68, 75-80 (2d Cir. 2013). Mr. Cohen has not plausibly alleged any anticompetitive behavior by Defendants. On the contrary, the SAC appears to describe a mechanism by which competition has been *increased* relative to the status quo ante, not harmed. Moreover, none of Mr. Cohen's claimed injuries—loss of his labor and alleged intellectual property, *see* ECF No. 29 ¶¶ 659-61—are "injur[ies] of the type that the antitrust statute was intended to forestall." *Gatt*, 711 F.3d at 76.

**4. Copyright Claim.** In Count 3, Mr. Cohen alleges that Action Squared and Action Network infringed on his "contributions to the OSDI specification" via the development of their proprietary APIs. ECF No. 29 ¶ 729. First, Mr. Cohen's copyright claims are untimely, as they cannot be adjudicated without resolving a time-barred authorship dispute. *See Kwan v. Schlein*, 634 F.3d 224, 226 (2d Cir. 2011). More fundamentally, the content of the OSDI specification is not protectable by copyright. That is because copyright protection does not extend to any "idea, procedure, process, system, method of operation, concept, [or] principle," even when embodied in an otherwise-copyrightable work. *Google LLC v. Oracle Am., Inc.*, 593 U.S. 1, 18 (2021). Here, Mr. Cohen agreed to put the OSDI scheme into the public domain. Absent a patent, he cannot now complain that those ideas were adapted and used by others, even for commercial purposes. *Baker*

*v. Selden*, 101 U.S. 99, 104 (1879); *see also Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 710 (2d Cir. 1992) (non-literal aspects of a computer program are not protected if they "have entered the public domain").

**5. Fraudulent Inducement.** Turning to Count 1, the elements of a fraudulent inducement claim are "a misrepresentation or a material omission of fact . . . , made for the purpose of inducing the other party to rely upon it, justifiable reliance . . . , and injury." *Ambac Assurance Corp. v. Countrywide Home Loans, Inc.*, 106 N.E.3d 1176, 1182 (N.Y. 2018). Here, Mr. Cohen alleges that "MoveOn [] attempted [to] convince Plaintiff to agree to an open source license by portraying the lack of one as an obstacle to MoveOn's participation." ECF No. 29 ¶ 675. But Mr. Cohen never alleges that MoveOn's representation was false. Nor does Mr. Cohen allege that he relied on that representation, *id*. ¶ 676 ("Plaintiff refused and proposed the W3C license instead."), or suffered any "actual pecuniary loss" thereby, *Connaughton v. Chipotle Mexican Grill, Inc.*, 75 N.E.3d 1159, 1163 (N.Y. 2017). Finally, as for Mr. Cohen's unsupported speculation that MoveOn's enthusiasm for OSDI was insincere, his allegations on that point fall well short of New York's requirement that fraud claims be stated with particularity. *See* N.Y. Civ. Practice Law & Rules 3016(b).

    Respectfully submitted,

    */s/ Caitlin D. Kekacs*
    Caitlin D. Kekacs
    Lane Shadgett (pro hac vice)

    *Counsel for Action Network, Action Squared, MoveOn.org, and AFL-CIO*