**Marziani, Stevens & Gonzalez PLLC**
1533 Austin Hwy. Ste. 102-402
San Antonio, Tx. 78218
(210) 343-5604

The Hon. Gabriel W. Gorenstein                                      November 22, 2024
United States District Court                                        *via ECF*
Southern District of New York
40 Foley Square
New York, NY 10007

Re:    *Cohen v. Action Network, et al.*, No. 23-cv-10359-JPC-GWG
       <u>Civitech's Supplemental Letter Requesting Pre-Motion Conference</u>

Dear Judge Gorenstein:

Pursuant to Section 2.A of Your Honor's Individual Practices, Civitech writes to join the Letter Requesting Pre-Motion Conference submitted earlier today by counsel for Action Network *et al.* ("the Action Network Letter") as well as to briefly set forth the nature of additional grounds for dismissal of the claims against Civitech. Civitech intends to move to dismiss Plaintiff's Second Amended Complaint ("SAC") under Rule 12(b)(6) and will work with other Defendants to consolidate any papers to the greatest extent possible. Civitech echoes the Action Network Letter proposal for a standard briefing schedule.

Although the SAC is often incomprehensible, Plaintiff appears to name Civitech as a Defendant in only Counts 4 (RICO), 5 (Copyright Infringement), and 7 (Antitrust). Civitech joins and incorporates the Action Network Letter as to the common Counts 4 and 7.

Plaintiff's Count 5 appears to be a copyright infringement claim against only Civitech. Civitech intends to move to dismiss Count 5 on the same grounds identified as to Count 3 in the Action Network Letter, namely that it is time-barred and that Plaintiff has not made allegations that can form the basis for a valid copyright claim.

As to Count 4, in addition to joining and incorporating the Action Network Letter, Civitech intends to move to dismiss on the grounds that to the extent any conclusory allegations of racketeering activity are made as to other parties, Plaintiff does not allege that Civitech was a

**Marziani, Stevens & Gonzalez PLLC**
1533 Austin Hwy. Ste. 102-402
San Antonio, Tx. 78218
(210) 343-5604

principal in any of those activities, much less in a pattern of racketeering activity. 18 U.S.C. §

1962(a) applies in relevant part only to persons who have "received any income derived . . . from

a pattern of racketeering activity . . . in which such person has participated as a principal." *C.f.*

*Solow v. Delit*, No. 90-CIV-2273 (LJF), 1992 WL 249954, at \*3 (S.D.N.Y. Sept. 21, 1992) ("Solow

must demonstrate that . . . the Association participated as a "principal" in that pattern of

racketeering activity . . . . Even if the Association did receive income derived from a pattern of

racketeering . . . , Solow has failed to demonstrate that the Association participated as a 'principal'

in that activity."). Indeed, setting aside the factual inaccuracy of the allegations,[1] the SAC itself

alleges that Civitech's only connection to this lawsuit is through arm's length corporate

transactions with Bluelink and Alloy that occurred in 2021 and 2022.

 Similarly, in addition to the grounds identified as to Count 7 in the Action Network Letter,

Plaintiff has not alleged that Civitech has ever even communicated with any other party, much less

that it "contract[ed], combin[ed] . . . or conspir[ed]" with any of them to restrain trade, as required

by 15 U.S.C. § 1. Plaintiff has therefore entirely failed to make any allegations that could support

an inference that Civitech committed an antitrust violation, which requires "a meeting of minds in

an unlawful arrangement." *Int'l Distribution Centers, Inc. v. Walsh Trucking Co.*, 812 F.2d 786,

793 (2d Cir. 1987) (internal citation and quotation marks omitted).

 Respectfully submitted,

 */s/ Mimi Marziani*

 Mimi Marziani
 Joaquin Gonzalez[2]
 *Counsel for Civitech PBC*

---

[1] *Inter alia*, neither Gerard Niemira nor Irene Tollinger has ever been "involved" in Civitech.
[2] Application for Admission Pro Hac Vice forthcoming.