# GRELLAS SHAH LLP

**Seth Kugler**
Associate
✉ Email: skugler@grellas.com
☏ Phone: (408) 255-6310
🌐 www.grellas.com

November 22, 2024

<u>Via ECF</u>
The Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Cohen v. Action Network, et al.*, No. 23-cv-10359-JPC-GWG
      <u>Letter Requesting Pre-Motion Conference</u>

Dear Judge Gorenstein,

Defendant Nathan Woodhull ("Woodhull") joins the letter request ("AN Letter Request) filed by defendants Action Network, Action Squared, MoveOn.org, and the American Federation of Labor and Congress of Industrial Organizations.

In addition to joinder of the dismissal arguments made in the AN Letter Request for the Counts asserted against him, Woodhull also respectfully separately offers notice of the following further dismissal arguments he intends to raise in his anticipated motion.

The Second Amended Complaint ("SAC") is difficult to follow and can be fairly described as prolix. This represents prejudice to Woodhull, an individual who is barely mentioned in the SAC and is struggling to understand the purported operative facts that apply to him. The SAC also purports to allege Woodhull's involvement in a civil conspiracy but alleges no specific facts regarding the circumstances of how Woodhull joined this conspiracy or his conduct in furtherance of this conspiracy.

For instance, the Second Count purports to allege the entirety of a Civil RICO claim against Woodhull for: 1) Participating in an email thread with plaintiff in December 2018 in which Woodhull apparently "continu[ed] the false portrayal of plaintiff as a presumably heteronormative male who engaged in sexual harassment of women" and, 2) on June 6, 2020, posting messages on OSDI Slack that reference Woodhull's own Github directory. *See* SAC ¶¶ 698-700, 702. Further, a review of these actual communications – which were both excerpted in and linked from an earlier version of the complaint, *and* can be judicially noticed as incorporated by reference into the SAC – shows that they do not remotely match the SAC's characterization of their contents or legal effect.

The Fourth Count purports to state a Civil RICO claim against Woodhull for again emailing something to plaintiff in December 2018 that portrayed him as heteronormative. It also alleges

that in an October 2023 podcast, Woodhull discussed a business opportunity in Daisychain that would not have been viable without the prior destruction of OSDI.  SAC ¶¶ 741-43, 751-53

In the Sixth Count for conspiracy to commit extortion, the only allegation against Woodhull is that he resigned from OSDI in February 2018.  SAC ¶ 770.

The Seventh Count, for antitrust violations, is devoid of any allegations regarding Woodhull at all.

The SAC leaves Woodhull with no understanding of why he is in this case.  Many of these claims, like the Civil RICO claims, sound in fraud and would be subject to the heightened pleadings requirements of FRCP 9(b).  But the SAC fails to perform its basic function of alleging facts showing a plausible entitlement to relief against Woodhull and providing even the basic notice required by FRCP 8.

Woodhull would like to bring a motion to dismiss on the grounds stated herein, as well as to join the arguments raised in AN Letter Request that apply to the Second, Fourth, Sixth and Seventh Counts.

Very truly yours,

*/s/ Seth Kugler*

Seth Kugler, Esq.