**HeckerFink LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.HECKERFINK.COM

DIRECT DIAL     929.294.2537
DIRECT EMAIL    jmatz@heckerfink.com

November 22, 2024

**BY ECF**

The Honorable Gabriel W. Gorenstein
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

     Re: *Cohen v. Action Squared, et al.*, No. 23-cv-10359 (JPC) (GWG)

Dear Judge Gorenstein:

  Under Section 2.A of Your Honor's Individual Practices, Defendant Democratic National Committee (DNC) submits this letter joining in the pre-motion letter filed by Defendants Action Network, Action Squared, MoveOn.org, and the AFL-CIO ("Action Defendants"). With the Action Defendants, the DNC respectfully requests a pre-motion conference regarding a motion to dismiss Plaintiff's Second Amended Complaint (SAC), ECF 29, under F.R.C.P. 12(b)(6).

  The SAC alleges a single claim against the DNC: namely, an antitrust claim under Section 1 of the Sherman Act. This claim is also asserted against several of the Action Defendants, among others ("Antitrust Defendants"). To promote efficiency and minimize duplicative briefing, the DNC anticipates joining the Action Defendants' motion to dismiss, which will argue (as the Action Defendants explain in their own pre-motion letter) that Plaintiff fails to allege antitrust standing. *See, e.g.*, *Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C.*, 711 F.3d 68, 76 (2d Cir. 2013).

  At this stage, the DNC writes separately to highlight two additional defects in Plaintiff's antitrust claim: failure to allege an unlawful agreement and failure to meet the limitations period.

  At bottom, Plaintiff's antitrust claim must be dismissed because it does not plausibly allege an unlawful agreement—which is an essential element of a Section 1 claim. *See* 15 U.S.C. § 1; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007). To survive a motion to dismiss, Plaintiff must allege "a conscious commitment to a common scheme designed to achieve an unlawful objective." *Cenedella v. Metro. Museum of Art*, 348 F. Supp. 3d 346, 358 (S.D.N.Y. 2018) (internal quotation marks and citations omitted). Because "an allegation of parallel conduct . . . does not itself sufficiently prove an agreement," courts carefully examine the factual allegations said to support a plausible inference of unlawful agreement. *Id.* Here, beyond conclusory assertions, none of the allegations support an inference that the Antitrust Defendants agreed to a common scheme

# Hecker Fink LLP

2

to undermine the OSDI initiative—let alone that the DNC itself was part of any such alleged agreement. *See* SAC ¶ 184, 205, 456, 783; *Cenedella*, 348 F. Supp. 3d at 359 (dismissing Sherman Act claim under Rule 12(b)(6) where "the plaintiff's amended complaint [was] completely devoid of facts indicating who agreed with whom, to what, and when"). Rather than satisfy the pleading requirements set forth in the Rules of Civil Procedure, Plaintiff merely alleges that certain entities left the OSDI initiative (partly because he filed a controversial defamation suit), and then seeks to characterize this conduct as a conspiracy to undermine OSDI in restraint of trade. *See* SAC ¶¶ 184, 294-307, 783-84. Under *Twombly*, those allegations are deficient as a matter of law.

Independently, Plaintiff's antitrust allegations are time-barred. An antitrust cause of action accrues "when a defendant commits an act that injures a plaintiff's business." *See Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 338 (1971). Once such a claim accrues, the Sherman Act imposes a four-year statute of limitations. *See* 15 U.S.C. § 15b. Here, Plaintiff brought his antitrust claim on August 24, 2024. Therefore, he cannot maintain any cause of action that accrued prior to August 24, 2020. Even recognizing the standard that applies to *pro se* complaints, the SAC is prolix, vague, and confusing. Still, the only antitrust conspiracy that it appears to allege concerns a purported agreement to undermine the OSDI initiative. *See, e.g.*, SAC ¶¶ 184, 205, 456, 783. But Plaintiff does not appear to allege any conduct related to that conspiracy (at least with respect to any of the Antitrust Defendants) occurring after August 24, 2020. Based on the limitations period alone, Plaintiff's antitrust claim does not survive Rule 12(b)(6).

\*   \*   \*

This letter is intended to provide the Court with an overview of grounds for dismissal that the DNC and other Defendants might raise. It is not an exhaustive recitation of all arguments that the Defendants might set forth. The DNC reserves the right to make additional arguments as appropriate, including in response to positions taken by Plaintiff in any responsive letter.

Respectfully submitted,

Joshua Matz
HECKER FINK LLP
1050 K Street, NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883
jmatz@heckerfink.com

Anna Collins Peterson
Madeline Verniero (*pro hac vice*)
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118

Hecker Fink LLP

3

Telephone: (212) 763-0883
apeterson@heckerfink.com
mverniero@heckerfink.com

*Counsel for Defendant
Democratic National Committee*