UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

JOSH COHEN,                                          :

              Plaintiff,                          :      ORDER

      -against-                                     :

                                                          23 Civ. 10359 (JPC) (GWG)

ACTION SQUARED et al.,                        :

              Defendants.                      :
---------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      The Court is in receipt of the defendants' letters seeking permission to make motions to dismiss on various grounds (Docket ## 60, 62, 64, 65, 66) and plaintiff's response (Docket # 69).

      For the reasons stated in the Order to Show Cause of July 2, 2024 (Docket # 25) ("OSC"), the Court continues to question whether the Second Amended Complaint ("SAC") complies with Fed. R. Civ. P. 8(a)(2) due to its prolixity and inclusion of extraneous evidentiary matter. However, no defendant has sought to dismiss the SAC on these grounds.

      With respect to the grounds raised by defendants in their letters, the Court would permit the defendants to go forward with the planned motions except for the fact that it appears plaintiff still seeks to add factual allegations to his complaint. The Court deduces this from the fact that plaintiff's response to the proposed motions contains factual allegations that do not appear to be contained in the SAC.

      The Court cautions plaintiff that he will not be permitted to make <u>any</u> factual allegations in his opposition to the motions to dismiss. Instead, he will be limited to explaining why the factual allegations <u>already contained in the SAC</u> are sufficient to survive the defendants' arguments regarding dismissal.

      Normally, a plaintiff faced with arguments regarding dismissal that can be cured through additional allegations will seek to move to amend the complaint. The defendants' arguments for dismissal have now been presented in comprehensive form in their pre-motion conference letters. Accordingly, plaintiff is on notice of their arguments regarding the SAC's deficiencies. If plaintiff seeks to file a Third Amended Complaint to cure the claimed deficiencies, he may request to do so by filing a letter on or before December 24, 2024, that attaches the proposed Third Amended Complaint.

      However, the Court cautions plaintiff on two matters: (1) the Court reserves the right to issue an Order to Show Cause why the Second Amended Complaint should not be dismissed if

the proposed Third Amended Complaint violates Fed. R. Civ. P. 8(a)(2) for the reasons stated in the OSC or for any other reason; and (2) the Court will likely reject any Third Amended Complaint that is longer than the SAC.[1]

If plaintiff makes the filing contemplated by this Order, defendants may give their view on the proposed filing of the Third Amended Complaint by January 10, 2025. However, in doing so, the defendants should not raise any argument that filing the proposed Third Amended Complaint is futile because it cannot survive a motion to dismiss. Such arguments will be addressed instead in the Court's ruling on any eventual motions to dismiss. Rather, at this stage, defendants must limit themselves to whether there is any reason, other than futility, why the Court should not allow plaintiff's proposed filing.

SO ORDERED.

Dated: New York, New York
December 11, 2024

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[1] To the extent plaintiff seeks to add new factual allegations, he can easily excise existing allegations that consist of extraneous and confusing matter. For example, there are several pages of "references" in the SAC that are unnecessary as they appear to be mere evidentiary support. There are also pages of chronology that are confusing and unnecessary. Many other allegations are similarly unnecessary to any claims plaintiff is making. Plaintiff should use this opportunity to further pare the complaint to make the allegations "short and plain." Fed. R. Civ. P. 8(a)(2).

The Court again emphasizes that the rules of pleading do not require the submission of any evidence with a complaint. Instead, all that must be provided are allegations that clearly show that the pleader is entitled to relief.