## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JOSH COHEN,

      Plaintiff,

v.

ACTION NETWORK, AFL-CIO, ACTION
SQUARED, NATHAN WOODHULL,
CIVITECH, DEMOCRATIC NATIONAL
COMMITTEE, MOVEON.ORG, NETROOTS
NATION,

      Defendants.

Case No. 23-CV-10359 (JAV) (GWG)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8

Caitlin Kekacs
Lane Shadgett*
**Bredhoff & Kaiser PLLC**
805 Fifteenth Street NW, Suite 1000
Washington, DC 20005
(202) 842-2600
ckekacs@bredhoff.com
lshadgett@bredhoff.com
*Counsel for Defendants Action Network,*
*Action Squared, AFL-CIO and MoveOn.org*

Dhaivat Shah*
David T. Siegel
Seth K. Kugler
**Grellas Shah LLP**
20400 Stevens Creek Blvd., Suite 280
Cupertino, CA 95014
(408) 255-6310
ds@grellas.com
dsiegel@grellas.com
skugler@grellas.com
*Counsel for Defendant Nathan Woodhull*

Mimi Marziani
**Marziani, Stevens & Gonzalez PLLC**
1533 Austin Highway, Suite 102-402
San Antonio, TX 78218
(615) 293-5003
mmarziani@msgpllc.com
*Counsel for Defendant Civitech PBC*

Joshua Matz
Anna Collins Peterson
Madeline Verniero*
**Hecker Fink LLP**
1050 K Street NW, Suite 1040
Washington, DC 20001
(212) 763-0883
jmatz@heckerfink.com
apeterson@heckerfink.com
mverniero@heckerfink.com
*Counsel for Defendant Democratic National*
*Committee*

*Admitted *pro hac vice*

Nathaniel K. Charny
**Charny & Wheeler P.C.**
42 West Market Street
Rhinebeck, NY 12572
(845) 876-7500
ncharny@charnywheeler.com
*Counsel for Defendant Netroots Nation*

## TABLE OF CONTENTS

Page

**TABLE OF AUTHORITIES** ................................................................................................ **ii**

**PRELIMINARY STATEMENT** ......................................................................................... **1**

**FACTUAL BACKGROUND** ............................................................................................... **1**

**PROCEDURAL BACKGROUND** ...................................................................................... **3**

**ARGUMENT** ........................................................................................................................ **5**

    I.    The TAC does not comply with Rule 8(a)(2) and should be dismissed. ........................... 5

    II.   The TAC should be dismissed with prejudice. ................................................................. 8

**CONCLUSION** ..................................................................................................................**11**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baker v. Selden*,
101 U.S. 99 (1879).................................................................................................11

*Celli v. Cole*,
699 F. App'x 88 (2d Cir. 2017) ...............................................................................5

*Cenedella v. Metro. Museum of Art*,
348 F. Supp. 3d 346 (S.D.N.Y. 2018)....................................................................10

*Crawford v. Lutheran Med. Ctr.*,
No. 08-CV-3429 NGG LB, 2011 WL 887806 (E.D.N.Y. Mar. 14, 2011) ...............9

*El Bey v. Crocilla*,
No. 20-cv-00524-LTS-GWG, 2022 WL 17324972 (S.D.N.Y. Nov. 29, 2022) .......8

*Fitzgerald v. First E. Seventh St. Tenants Corp.*,
221 F.3d 362 (2d Cir. 2000)....................................................................................9

*Jones v. Nat'l Commc'ns & Surveillance Networks*,
266 F. App'x 31 (2d. Cir. 2008) ..............................................................................6

*Livingston v. Adirondack Beverage Co.*,
141 F.3d 434 (2d Cir. 1998)....................................................................................9

*Mendes Da Costa v. Marcucilli*,
675 F. App'x 15 (2d Cir. 2017) ...........................................................................6, 7

*Mendes Da Costa v. Marcucilli*,
No. 15-CV-8500 (CS), 2016 WL 8671566 (S.D.N.Y. Jan. 27, 2016)....................8

*O'Neil v. Ponzi*,
394 F. App'x 795 (2d Cir. 2010) ......................................................................1, 10

*Perry v. Mary Ann Liebert, Inc.*,
765 F. App'x 470 (2d Cir. 2019) ...........................................................................10

*Salahuddin v. Cuomo*,
861 F.2d 40 (2d Cir. 1988)...............................................................................5, 7, 9

*Strunk v. U.S. House of Representatives*,
68 F. App'x 233 (2d Cir. 2003) ...............................................................................8

*Woodhouse v. Meta Platforms, Inc.*,
    No. 23-7973-cv, 2024 WL 4297471 (2d Cir. Sept. 26, 2024) ...................................................9

**Statutes**

17 U.S.C. § 102(b) ..........................................................................................................10

**Other Authorities**

Fed. R. Civ. P. 8 ............................................................................................... *passim*

## PRELIMINARY STATEMENT

This lawsuit is now more than a year old. Plaintiff Josh Cohen has submitted five different versions of his complaint, totaling over one thousand pages. He has been on notice since July 2, 2024, that his prior complaints did not comply with Federal Rule of Civil Procedure 8(a)(2) due to their prolixity, irrelevant allegations, and inclusion of extraneous material, and that he risked dismissal if he did not remedy those deficiencies. Nevertheless, despite having multiple opportunities since July 2 to amend his complaint and bring it into compliance with Rule 8, Mr. Cohen has either failed or refused to do so. The Third Amended Complaint (TAC), which was filed on January 19, 2025, and is currently before the Court, consists of 93 single-spaced pages of dense, contradictory, and unrelated assertions that have left the eight Defendants struggling to sift out the allegations against each of them from the excessive verbiage that continues to litter Mr. Cohen's pleadings.

Defendants collectively move the Court to dismiss the TAC for failure to comply with Rule 8(a)(2), and to do so with prejudice. Although courts in this jurisdiction have long recognized a "special solicitude" for *pro se* plaintiffs, *O'Neil v. Ponzi*, 394 F. App'x 795, 796 (2d Cir. 2010), that solicitude only extends so far. Provided with repeated opportunities to file a short, plain statement of his claims, Mr. Cohen has chosen not to remedy the deficiencies in his prior complaints, but to spin an ever broader, increasingly paranoid tale of conspiracy, manipulation, and betrayal. It has become clear that it would be an exercise in futility to prolong this process any longer. It is time to dismiss Mr. Cohen's claims and end this case.

## FACTUAL BACKGROUND

Although it is difficult to excavate the core of Mr. Cohen's grievances from the 815 paragraphs of the TAC, it appears that this case centers on a project called the Open Supporter Data Interface (OSDI), "which functioned as a Standards Development Organization" and worked

to define a voluntary "specification" to promote the "interoperability" of different organizations' software. TAC, ECF No. 81, at ¶¶ 2, 98, 105, 127. Volunteers from various progressive organizations contributed to the OSDI project, with Mr. Cohen serving as "leader and chair" of the group through at least February 2018. *Id.* ¶¶ 2, 4, 111, 310. Several prominent organizations chose to "implement" the OSDI specification when developing their own software, allowing their software to "integrate with . . . any OSDI compliant Platform." *Id.* ¶¶ 113, 120, 123, 129-30. Despite that promising start, however, "OSDI's membership and supporter list stopped growing" in 2017, *id.* ¶ 152, and the project ultimately became "defunct," *id.* ¶¶ 386-87. Mr. Cohen appears to blame the eight Defendants (along with a host of non-parties) for OSDI's decline.

As best as Defendants can discern from the impenetrable statements scattered throughout the TAC, Mr. Cohen's key allegation appears to be that, in 2017, he was "knowingly provoked" into filing a defamation lawsuit against another member of the progressive community as part of a "false flag" operation to ruin his reputation and steal the fruits of his labor. *Id.* ¶¶ 241, 252, 464, 477. In Mr. Cohen's telling, Defendants intentionally lured him into filing his lawsuit, *id.* ¶ 241, then used that lawsuit to "conceal [his] sexual orientation," *id.* ¶ 244, so that he could be intimidated into abandoning his volunteer role with OSDI in a manner that would not appear homophobic, *id.* ¶ 287. Mr. Cohen further alleges that Defendants intended to use his lawsuit as a pretext to bar him from attending progressive gatherings at which he might otherwise have learned the truth about the "conspiracy" against him. *Id.* ¶¶ 725, 730.

The contours of the alleged conspiracy against Mr. Cohen are difficult to understand from the TAC. Mr. Cohen alleges that the conspiracy was conceived and led by some of the most influential individuals and organizations in the progressive movement, but executed via the deployment of "funders within the Gay Rights Movement" and the "us[e]" of "women" as "proxies

and surrogates" to manipulate, entrap, and then coerce him into abandoning the OSDI project. *Id.* ¶¶ 12, 36, 162. In a diagram, Mr. Cohen describes Defendants' "scheme" as "[u]sing fear and false hope as puppet strings." *Id.* ¶ 236.

The TAC is brimming with allegations against various non-parties for manipulating Mr. Cohen into filing his lawsuit, *e.g., id.* ¶¶ 230-33, amplifying the resulting scandal, *e.g., id.* ¶¶ 285, 366, refusing to help him in his time of need, *e.g., id.* ¶¶ 247, 258, stealing OSDI's membership lists, *id.* ¶ 354, and making threats against Mr. Cohen, *e.g., id.* ¶¶ 257, 387. *See id.* ¶¶ 37-43 (listing entities and individuals as non-party proxies). All of this, according to Mr. Cohen, was part of a sprawling, years-long conspiracy to "undermine," "destroy," and ultimately "misappropriate" OSDI for the conspirators' own purposes, such as gaining "gatekeeper powers" over "economies of scale" for political candidates and creating a market for so-called "universal adapters" that could not have existed if OSDI had become a more widely-adopted standard. *Id.* ¶¶ 12-14, 18, 804. Mr. Cohen seeks "at least" $650,000, treble damages, and injunctive relief. *Id.* at 92-93.

## **PROCEDURAL BACKGROUND**

The procedural history of this case is worth summarizing in some detail. Mr. Cohen filed his initial Complaint on November 23, 2023, which asserted one claim against a single defendant. ECF No. 1. He then filed his First Amended Complaint ("FAC") on April 5, 2024—a mammoth document of 219 single-spaced pages (402 pages including exhibits). ECF No. 10. The FAC added three new defendants to the case, plus a RICO claim under 18 U.S.C. § 1962(a). After reviewing the FAC, Action Network and Action Squared jointly requested a pre-motion conference regarding their planned motion to dismiss that pleading. ECF No. 18. On that same day, Mr. Cohen filed a letter requesting leave to file an even lengthier Second Amended Complaint ("Proposed SAC"), ECF No. 21, which Action Network and Action Squared expected to oppose on the grounds that it would be futile, *see* ECF No. 22.

On July 2, 2024, the Court ordered Mr. Cohen to show cause why it should not dismiss the FAC for failure to comply with Federal Rule of Civil Procedure 8(a)(2), and deny, for the same reason, leave to file the Proposed SAC. ECF No. 25. In the alternative, the Court offered Mr. Cohen the opportunity to file—in lieu of the above—a Revised Second Amended Complaint ("Revised SAC") that would comply with Rule 8. *Id.* Mr. Cohen requested an extension of the Court's initial deadline, *see* ECF No. 26, and the Court granted that request. ECF No. 27. Mr. Cohen filed his Revised SAC in response to the July 2 Order on August 24, 2024. ECF No. 29.

Mr. Cohen's Revised SAC added four more Defendants to the case and several new theories of liability. ECF No. 29. When Mr. Cohen accomplished service on all eight of the Defendants, he submitted a three-page letter to the Court making additional factual allegations and stating that "Plaintiff believes . . . he has a duty to be verbose" in informing the Court that "*Cohen v. Swirling* was a false-flag" because he "worries that the situation is more dangerous than he realizes." ECF No. 41.

After receiving the Revised SAC, the Defendants submitted letters requesting a pre-motion conference to discuss their planned, consolidated motion to dismiss. ECF Nos. 60, 62, 64-67. Eleven days later, Mr. Cohen responded with a letter of his own, ECF No. 69, consisting of 22 pages of new allegations against Defendants, including numerous factual contentions that were not included in the operative Revised SAC.

On December 11, 2024, the Court issued an Order in response, cautioning Mr. Cohen that he would not be allowed to rely on allegations outside his pleadings and renewing its warning from July 2, 2024, that Mr. Cohen's complaint was at risk of dismissal for non-compliance with Rule 8 "due to its prolixity and inclusion of extraneous evidentiary matter." ECF No. 73. The Court provided Mr. Cohen yet another chance to file a Proposed Third Amended Complaint ("Proposed

TAC")—which would be the fifth Complaint submitted by Mr. Cohen in the case—to address the grounds for dismissal that were raised in the Court's Orders and Defendants' Letters. *Id.* Mr. Cohen requested an extension of that deadline, ECF No. 75, which was granted by the Court, ECF No. 76. Mr. Cohen filed his Proposed TAC on December 28, 2024. ECF No. 77.

On January 9, 2025, a subset of Defendants filed a Letter objecting to the Proposed TAC on grounds that it—like Mr. Cohen's previous pleadings—did not comply with Rule 8. ECF No. 78. The Court responded with an Order instructing Mr. Cohen to file the Proposed TAC as the Third Amended Complaint ("TAC") and setting a briefing schedule to address the question whether the TAC should be dismissed for failure to comply with Rule 8. ECF No. 80. Mr. Cohen filed his TAC on January 19, 2025. ECF No. 81.

## ARGUMENT

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement of a claim should be short because "unnecessary prolixity places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (cleaned up) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin*, 861 F.2d at 42.

### I.    The TAC does not comply with Rule 8(a)(2) and should be dismissed.

There is no doubt that the TAC fails to comply with Rule 8. Despite repeated warnings from this Court, the TAC remains sprawling, incoherent, and far from the "short and plain statement" envisioned by the Rule. Mr. Cohen's latest pleading consists of 93 single-spaced pages

and 815 numbered paragraphs, which is ten *more* paragraphs than in the Revised SAC.[1] *Compare* ECF No. 29 *with* ECF No. 81. As the Court informed Mr. Cohen on July 2, 2024, district courts in this jurisdiction have dismissed far shorter complaints for being overlong. Order to Show Cause, ECF No. 25. *See also, e.g., Jones v. Nat'l Commc'ns & Surveillance Networks*, 266 F. App'x 31, 33 (2d. Cir. 2008) (58 pages); *Mendes Da Costa v. Marcucilli*, 675 F. App'x 15, 17 (2d Cir. 2017) (50 pages). Worse yet, most of the TAC's 815 paragraphs contain numerous allegations, sometimes in the form of unnumbered, bulleted lists or diagrams. *See, e.g.,* TAC ¶¶ 45, 90, 162, 218, 633. Many other paragraphs purport to incorporate yet more material via footnotes and/or hyperlinks. *See, e.g.,* TAC ¶¶ 55-56, 63-64 (explaining that "the shaded header . . . is a clickable link to source"), 510-14, 576-80.

The Court also cautioned Mr. Cohen on July 2 that the Proposed SAC was improperly "replete with vast amounts of extraneous matter," including "excerpts from various news articles, emails, and other communications; detailed descriptions and illustrations of various computer programs' operating mechanics (that are not clearly related to the underlying legal claims); and references to a multitude of programs and/or entities that do not appear to be the subject of the action." Order to Show Cause, ECF No. 25. But despite Mr. Cohen being given two chances since July 2 to remove this extraneous matter, his TAC continues to suffer from the same defects. *See, e.g.,* TAC ¶¶ 75-77 (quoting from 2012 *Slate* article titled "Forget the Super-PACs"), 88 (description of Microsoft and Sun Microsystems operating mechanics), 517-18 (diagrams "outlining the tech stacks" of non-party Higher Ground Labs), 643-49 (quoting from 2019 article

---

[1] In the Court's order granting Mr. Cohen leave to file a Third Amended Complaint, it cautioned him that "the Court will likely reject any Third Amended Complaint that is longer than the SAC." ECF No. 73 (as amended by ECF No. 74).

titled "The Secret Power of Political Data Trusts"); *see also supra* at 3 (identifying numerous references to entities that are not parties to this action).

Because of these vast amounts of extraneous matter, the "true substance" of Mr. Cohen's claims, "if any, is well disguised." *Salahuddin*, 861 F.2d at 42. For example, it is difficult to comprehend what predicate acts of racketeering Mr. Cohen is attempting to allege in support of his RICO claims. *See, e.g.,* TAC ¶¶ 448-451 (alleging that Defendants wrongfully "encourage[d] Plaintiff to seek compensation" from a third party and used "monopsony power to influence NGPVAN's resource allocation to exploit the self-preferencing architecture"). The antitrust claim is so vague that Defendants are left guessing what the alleged concerted action even is, as well as the alleged injury to Mr. Cohen. *See id*. ¶¶ 805-06 (accusing the Antitrust Defendants of multiple "conspiracies" and defining their actions as "destroying OSDI and Plaintiff"); 737 (alleging that Plaintiff "suffers the same injuries as competition in general.").

Moreover, Mr. Cohen's continued reliance on allegations against third parties, many of whom have no discernible connection to the case, renders the substance of his claims frustratingly opaque. *See Mendes Da Costa*, 675 F. App'x at 17 (upholding Rule 8 dismissal of a complaint in part because it discussed "non-defendants and other events without explaining how they are involved with the alleged conspiracy"); *see also, e.g.*, TAC ¶¶ 149 (describing a pitch from non-defendant Reid Hoffman's political director, also a non-defendant), 257 (describing a Facebook friend request from an "ex-military soldier . . . who had been active within the gay rights movement"), 406 (describing how two non-parties attempted to influence the 2017 special election in Alabama utilizing disinformation tactics used by the Russian GRU). Defendants lack a basis to respond to allegations like those and are unsure how they may or may not relate to Mr. Cohen's claims against them. In sum, the TAC is neither short nor plain, and it should be dismissed because

deciphering and responding to it would place an unjustified burden on both the Court and Defendants.

**II.  The TAC should be dismissed with prejudice.**

Defendants further request that the Court dismiss the TAC with prejudice. Mr. Cohen has now been given multiple opportunities to amend his complaint after being placed on notice by the Court that his prior complaints did not comply with Rule 8. *See* ECF No. 25; ECF No. 73 (as amended by ECF No. 74). He was expressly warned that failure to correct those deficiencies could result in the dismissal of his claims. *Id.* Permitting Mr. Cohen to file—and forcing Defendants to respond to—yet another complaint would be both time-consuming and futile. The Court is well within its discretion under Rule 8 to determine that granting Mr. Cohen leave to file a sixth iteration of his complaint would not be in the interests of justice.

**A.** Mr. Cohen's multiple failures to bring his complaint into compliance with Rule 8 are reason enough to dismiss his claims with prejudice. Although this Circuit extends a special solicitude to *pro se* plaintiffs at the pleading stage, "*pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure." *El Bey v. Crocilla*, No. 20-cv-00524-LTS-GWG, 2022 WL 17324972, at *3 (S.D.N.Y. Nov. 29, 2022). It is fully within the Court's discretion to dismiss a *pro se* complaint with prejudice after the court has informed the plaintiff that their complaint does not comply with Rule 8, put the plaintiff on notice that failure to remedy those defects could lead to dismissal, and provided the plaintiff with an opportunity to amend. *See, e.g.*, *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003); *Mendes Da Costa v. Marcucilli*, No. 15-CV-8500 (CS), 2016 WL 8671566, at *1 (S.D.N.Y. Jan. 27, 2016) (dismissing amended complaint with prejudice after plaintiff had been put on notice that the initial pleading did not comply with Rule 8), *aff'd*, 675 F. App'x 15 (2d Cir. 2017). Indeed, courts in this jurisdiction have

regularly distinguished between dismissals of "original" complaints, on the one hand, and dismissals of complaints after the plaintiff was put on notice of the deficiency, on the other. *Compare, e.g.*, *Salahuddin*, 861 F.2d at 42 ("[I]t will generally be an abuse of discretion to deny leave to amend when dismissing a nonfrivolous original complaint on the sole ground that it does not constitute the short and plain statement required by Rule 8."), *with id.* (a court may dismiss a prolix complaint "where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible"). The latter is precisely the situation in this case, where Mr. Cohen has been given not one, but two opportunities to amend following the Court's July 2, 2024 show cause order. *See* ECF No. 25.

**B.** It is also well-established that a court may dismiss a *pro se* complaint with prejudice if it finds that complaint to be frivolous, even where the plaintiff has paid the required filing fee. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). A complaint is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Woodhouse v. Meta Platforms, Inc.*, No. 23-7973-cv, 2024 WL 4297471, at *1 (2d Cir. Sept. 26, 2024) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Crawford v. Lutheran Med. Ctr.*, No. 08-CV-3429 NGG LB, 2011 WL 887806, at *4 (E.D.N.Y. Mar. 14, 2011) (dismissing a disparate treatment claim where the complaint contained "troubling indications that [plaintiff's] allegations as to the existence of a conspiracy against her are Plaintiff's own delusional beliefs with no basis in fact or reality").

Here, Mr. Cohen alleges that a cabal of progressive organizations and individuals engaged in a long-running conspiracy to "falsely portray him as an example [of] violence and harassment to women" and manipulate him into filing a lawsuit against a third-party "proxy." *See, e.g.,* TAC ¶¶ 230-41, 250. These prolix and unintelligible allegations are akin to a "conspiracy theory novel."

*O'Neil*, 394 F. App'x at 796. Still other allegations in the TAC reference the Bernie Sanders campaign, TAC ¶¶ 60-61, a progressive "data war," *id.* ¶ 399, and "Russian active measures," *id.* ¶¶ 22, 406-07. Mr. Cohen construes a Facebook friend request from an individual with no apparent relationship to the case as a threat against his safety, *id.* ¶ 257, and a mistaken invoice for $0 as a threat to drive him into bankruptcy, *id.* ¶¶ 293-96. In short, the allegations in the TAC read more like implausible paranoia than legal claims based in fact.

**C.** Finally, the Court should dismiss the TAC with prejudice because allowing Mr. Cohen to file another complaint would be futile. *See Perry v. Mary Ann Liebert, Inc.*, 765 F. App'x 470, 473 (2d Cir. 2019). Defendants have filed several rounds of letters describing just some of the legal shortcomings of Mr. Cohen's antitrust, RICO, copyright infringement, and fraudulent inducement claims. ECF Nos. 16, 18, 22, 60, 62, 64-66. Given multiple opportunities to replead his claims to address those deficiencies, Mr. Cohen has been unable to do so.

Even accepting the allegations in the TAC—insofar as Defendants understand them—as true and construing them liberally, none of Mr. Cohen's claims withstand scrutiny. Mr. Cohen has not alleged a single action by any Defendant that would qualify as a predicate act of racketeering under RICO. *See* ECF No. 18, at 3; ECF No. 60, at 2. His antitrust claims appear to be time-barred, *see* ECF No. 66, at 2, and in any event, he has not plausibly alleged a "conscious commitment to a common scheme" to engage in anticompetitive conduct, *see id.* at 1 (citing *Cenedella v. Metro. Museum of Art*, 348 F. Supp. 3d 346, 358 (S.D.N.Y. 2018)); ECF No. 60, at 2. As for Mr. Cohen's copyright claims, these also suffer from statute of limitations defects. ECF No. 60, at 2; ECF No. 64, at 1. In addition, he appears to be basing those claims on certain Defendants' decision to design their own software to be compliant with the OSDI specification, but that specification is a classic example of an "idea, procedure, process, system, [or] method of operation" that is protectable, if

10

at all, by patent, not copyright. 17 U.S.C. § 102(b); *see* ECF No. 18, at 2-3 (citing *Baker v. Selden*, 101 U.S. 99 (1879)); ECF No. 60, at 2-3. Finally, Mr. Cohen's fraudulent inducement claim fails to specify what fraud he is talking about or what action any Defendant induced him to take. *See* ECF No. 60, at 3; ECF No. 81 ¶ 312 (alleging that Mr. Cohen "refused" to adopt MoveOn's suggested license and proposed his own version).

## **CONCLUSION**

Mr. Cohen has squandered multiple opportunities to file a short, plain statement of his claims, even after being specifically notified by the Court on two occasions that his complaints could be subject to dismissal for violating Rule 8. The 93-page Third Amended Complaint remains prolix, difficult to parse, and filled with frivolous and delusional allegations. What is more, Mr. Cohen has repeatedly failed—even after he was given specific notice of the shortcomings of his claims—to allege claims that could survive a Rule 12(b)(6) motion to dismiss. For all those reasons, the Court should find that granting Mr. Cohen yet another bite at the apple would not be in the interest of justice and, accordingly, dismiss his Third Amended Complaint with prejudice.

Dated: January 31, 2025                    Respectfully submitted,

                                           */s/ Caitlin Kekacs*
                                           Caitlin Kekacs
                                           Lane Shadgett*
                                           **Bredhoff & Kaiser PLLC**
                                           805 Fifteenth Street NW, Suite 1000
                                           Washington, DC 20005
                                           (202) 842-2600
                                           ckekacs@bredhoff.com
                                           lshadgett@bredhoff.com
                                           *Counsel for Defendants Action Network, Action Squared,*
                                           *AFL-CIO and MoveOn.org*

                                           Dhaivat Shah*
                                           David T. Siegel
                                           Seth K. Kugler
                                           **Grellas Shah LLP**

20400 Stevens Creek Blvd., Suite 280
Cupertino, CA 95014
(408) 255-6310
ds@grellas.com
dsiegel@grellas.com
skugler@grellas.com
*Counsel for Defendant Nathan Woodhull*

Mimi Marziani
**Marziani, Stevens & Gonzalez PLLC**
1533 Austin Highway, Suite 102-402
San Antonio, TX 78218
(615) 293-5003
mmarziani@msgpllc.com
*Counsel for Defendant Civitech PBC*

Joshua Matz
Anna Collins Peterson
Madeline Verniero*
**Hecker Fink LLP**
1050 K Street NW, Suite 1040
Washington, DC 20001
(212) 763-0883
jmatz@heckerfink.com
apeterson@heckerfink.com
mverniero@heckerfink.com
*Counsel for Defendant Democratic National Committee*

Nathaniel K. Charny
**Charny & Wheeler P.C.**
42 West Market Street
Rhinebeck, NY 12572
(845) 876-7500
ncharny@charnywheeler.com
*Counsel for Defendant Netroots Nation*

*Admitted *pro hac vice*

12